# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv15

| | |
|---|---|
| NAOMI QUILLEN AND PAMELA NEIGHBOR, ) ) ) | |
|     Plaintiffs, ) ) | |
| v. ) ) | **MEMORANDUM AND RECOMMENDATION** |
| THE ALLSTATE CORP, et al., ) ) | |
|     Defendant. ) ) | |

Pending before the Court is the Motion to Dismiss [# 20]. Plaintiffs brought this action against Defendants asserting claims for breach of contract, unfair and deceptive trade practices, and bad faith. All of the claims arise out of Defendants' alleged failure to cover losses related to the destruction of Plaintiffs' home. Defendants move to dismiss the Amended Complaint in its entirety. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 20].

**I.    Background**

Plaintiff Naomi Quillen is a citizens of Henderson County, North Carolina. (Pls.' Am. Compl. ¶ 3.) Plaintiff Pamela Neighbor resides in both Tennessee and

North Carolina and is Plaintiff Quillen's mother.  (Id. ¶ 4.)  Plaintiffs co-own property located at 15 Country Road, Hendersonville, North Carolina (the "Property").  (Id. ¶¶ 4, 9.)

In 2007, Plaintiff Quillen entered into a homeowner's insurance contract (the "Homeowner's Policy") whereby Defendants agreed to insure the Property against losses to the real estate and personal property contained in the home.  (Id. ¶ 9.)  Plaintiff Quillen renewed the contract in 2009.  (Id. ¶ 10; Ex. A to Defs.' Memo. Support Mot. Dismiss Am. Compl. ("Ex. A") at p. 6.)  The dwelling was insured for $495,943 and the personal property was insured for $347,160.  (Pl.'s Am. Compl. ¶ 14; Ex. A at p. 7.)

On March 20, 2010, the home located on the Property was completely destroyed along with all the personal property contained in the home.  (Pl.'s Am. Compl. ¶ 15.)  The cause of the loss was an explosion caused by a leaking propane storage tank.  (Id. ¶¶ 15, 18.)  Shortly after the explosion, Plaintiffs notified Defendants of the loss.  (Id. ¶¶ 16-17.)  Defendant Allstate Insurance Company formally denied the claim on December 13, 2010.  (Id. ¶ 20.)  Plaintiffs then brought this action on December 13, 2013, in the Superior Court of Henderson County.  Defendant The Allstate Corporation promptly removed the action to this Court, and Plaintiffs filed an Amended Complaint.  Defendants now move to

dismiss the Amended Complaint in its entirety. The District Court referred the Motion to Dismiss to this Court. Accordingly, the motion is now before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of

the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. Breach of Contract

The statute of limitations for a breach of contract claim in North Carolina is three years. N.C. Gen. Stat. § 1-52(1); Coderre v. Futrell, 736 S.E.2d 784, 787 (N.C. Ct. App. 2012). A breach of contract claim accrues at the time of the notice

of the breach. Ludlum v. State, 742 S.E.2d 580, 582 (N.C. Ct. App. 2013); Henlajon, Inc. v. Branch Highways, Inc., 560 S.E.2d 598, 603 (N.C. Ct. App. 2002). The statute of limitations for an action upon a claim for loss covered by a fire insurance policy is also three years. N.C. Gen. Stat. § 1-52(12). Such a claim, however, must be brought within three years of the loss. N.C. Gen. Stat. § 58-44-16(18); see also Marshburn v. Associated Indem. Corp., 353 S.E.2d 123, 127-29 (N.C. Ct. App. 1987). North Carolina Courts have applied the limitation period applicable to fire insurance polies to homeowner's policies, even when the damage was not fire related. See Marshburn, 353 S.E.2d at 126-29 (lightening); Page v. Lexington Ins. Co., 628 S.E.2d 427, 430 (N.C. Ct. App. 2006) (ruptured underground septic/sewer pipeline); see also State of North Carolina ex rel. Comm'n Ins. v. North Carolina Fire Ins. Rating Bureau, 234 S.E.2d 720, 728 (N.C. 1977) ("we deem Homeowners insurance to be fire insurance within the meaning of G.S. 58-131.2."). Thus, Plaintiffs' claim for breach of contract is governed by Sections 1-52(12), and Plaintiffs had three years from the date of the loss to bring a suit against Defendants.

The loss in this case occurred on March 20, 2010, when the home and all the personal property contained in the home were destroyed by an explosion. (Pls.' Am. Compl. ¶ 15.) Plaintiffs, however, waited more than three years from the date

of the loss to bring their claim against Defendants, filing this action on December 13, 2013. Accordingly, Plaintiffs' breach of contract claim is barred by the applicable statute of limitations and subject to dismissal.

In addition to the applicable statute of limitations, the action is also barred by the contractual limitation period contained in the Homeowner's Policy. The Homeowner's Policy provides that "[n]o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within three years after the date of loss." (Ex. A at p. 29.) This provision is a valid contractual limitation that is binding and enforceable between the parties, and the failure of Plaintiffs to bring suit within this specified period acts as a complete bar to recovery unless the limitation is waived by the insurer. Marshburn, 353 S.E.2d at 126; see also Gaskins v. Hartford Fire Ins. Co., 131 S.E.2d 872, 874 (1963) ("A provision in a standard fire insurance policy that action on it must be commenced within twelve months . . . is contractual. It is, therefore subject to waiver or estoppel."). Although Plaintiffs contend that waiver and estoppel act to bar the application of the contractual limitation, the Amended Complaint is devoid of any factual allegations supporting the application of either doctrine. In fact, the Amended Complaint alleges that Defendant Allstate Insurance Company formally denied the claim by letter dated December 13, 2010

(Pls.' Am. Compl. ¶ 20), over two years before the expiration of the limitations period. Because the Amended Complaint contains no factual allegations of waiver or estoppel by Defendants, Plaintiffs' claim is also barred by the limitation in the Homeowner's Policy. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count One.

### B. Insurance Bad Faith

Plaintiffs claim for bad faith is subject to the same three year statute of limitations as the breach of contract claim. N.C. Gen. Stat. § 1-52(12); Page, 628 S.E.2d at 430; Lanier v. State Farm Fire & Cas. Co., Civil No. 5:07CV129-V, 2009 WL 926914, at *2 (W.D.N.C. Mar. 31, 2009) (Voorhees, J.). As the Court explained in Lanier, "[b]ecause Plaintiff's bad faith denial claim also arises out of contract, it is likewise subject to a three-year statute of limitations." 2009 WL 926914, at *2. And like Plaintiffs' breach of contract claim, the bad faith claim accrued upon the date of the actual loss. Page, 628 S.E.2d at 430; Lanier, 2009 WL 926914, at *2. Accordingly, Plaintiffs' bad faith claim is also barred by the applicable statute of limitations and is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Three.

## C. Unfair and Deceptive Trade Practices

Count Two of the Amended Complaint asserts a claim pursuant to North Carolina's Unfair and Deceptive Trade Practices Act ("UDTP"), N.C. Gen. Stat. § 75-1.1, *et seq.* Plaintiffs' UDTP claim is governed by a four year statute of limitations. N.C. Gen. Stat. § 75-16.2; Trantham v. Michael L. Martin, Inc., 745 S.E.2d 327, 334 (N.C. Ct. App. 2013); Page, 628 S.E.2d at 430. "'A cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suite arises.'" Hunter v. Guardian Life Ins. Co. of Am., 593 S.E.2d 595, 601 (N.C. Ct. App. 2004) (quoting Penley v. Penley, 332 S.E.2d 51, 62 (N.C. 1985)). In the insurance context, a UDTP cause of action accrues when the insurer denies the claim. Lawley v. Liberty Mut. Grp., Inc., No. 5:11-cv-00106-RLV-DSC, 2012 WL 4513622, at *7 (W.D.N.C. Sept. 28, 2012) (Voorhees, J.) (unpublished). Defendant Allstate Insurance Company denied the claim on December 13, 2010. Thus, Plaintiffs had until December 13, 2014, to bring their UDTP claim. Because both the Complaint and the Amended Complaint were filed prior to December 13, 2014, Plaintiffs' UDTP claim is timely.

In order to make out a *prima facie* claim for unfair and deceptive trade practices, Plaintiffs must show that: (1) Defendants committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce;

and (3) that the act or practice proximately caused the Plaintiffs' injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160, 167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" Thompson, 418 S.E.2d at 699 (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610, 621 (N.C. 1980)); Sessler, 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. Thompson, 418 S.E.2d at 699; Sessler, 551 S.E.2d at 167. "In making a claim of unfair and deceptive trade practices on a theory of misrepresentation or fraud, a plaintiff must show that a defendant's words or conduct possessed 'the tendency or capacity to mislead' or create the likelihood of deception.'" Hospira, 671 S.E.2d at 12 (quoting Marshall v. Miller, 276 S.E.2d 397, 403 (1981)). Moreover, a plaintiff does not have to show actual deception to prevail, he or she need only demonstrate that the acts of defendant "possessed the tendency or capacity to mislead or create the likelihood of deception." RD & J Props. v. Lauralea-Dilton Enters., LLC, 600 S.E.2d 492, 500-501 (N.C. Ct. App. 2004).

Actions for unfair and deceptive trade practices, however, are distinct from actions for breach of contract, and the mere breach of contract, even where the

breach is intentional, cannot constitute an action pursuant to North Carolina's Unfair and Deceptive Trade Practices Act. Eastover Ridge, L.L.C. v. Metric Constructors, Inc., 533 S.E.2d 827, 832-33 (N.C. Ct. App. 2000); Branch Banking & Trust co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). As the North Carolina Court of Appeals has explained:

> The plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." Id. It is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998), citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994).

Eastover Ridge, 533 S.E.2d at 833.

Finally, a plaintiff may also base an unfair and deceptive trade practice claim against an insurance company on a violation of N.C. Gen. Stat. § 58-63-15(11). Gray, 529 S.E.2d at 683; Page, 628 S.E.2d at 429. Section 58-63-15(11) sets out the following specific acts, which constitute unfair claim settlement practices:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

i. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

j. Making claims payments to insureds or beneficiaries not accompanied by [a] statement setting forth the coverage under which the payments are being made;

k. Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

l. Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of [or] either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;

m. Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and

n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

The Amended Complaint sets forth sufficient factual allegations to assert an UDTP claim against Defendants Allstate Insurance Company and Allstate Indemnity Company. Plaintiffs allege that they entered into the Homeowner's Policy with these two corporate entities and that the policy lists both entities as the insurer. (Pls.' Am. Compl. ¶¶ 10, 13.) Both entities are listed or referenced in the Homeowner's Policy. (Ex. A at pp. 2, 6, 32.) Plaintiffs allege that Defendant Allstate Insurance Company denied the claim. (Pls.'Am. Compl. ¶ 20.) In addition, Plaintiffs allege that Defendants failed to provide a reasonable explanation for the denial of the claim and that Defendants failed to promptly pay their claim despite the fact that it was reasonably clear pursuant to the

Homeowner's Policy that Plaintiffs were entitled to coverage for the loss. (Id. ¶¶ 21, 30-32.) Such factual allegations are sufficient to state a claim against Defendants Allstate Insurance Company and Allstate Indemnity Company. See Gray, 529 S.E.2d at 683; Page, 628 S.E.2d at 429; N.C. Gen. Stat. § 58-63-15(11).

The claims against Defendants The Allstate Corporation and Allstate Insurance Holdings, LLC, however, are subject to dismissal as the Amended Complaint fails to include any factual allegations as to how these corporate entities had anything to do with the Homeowner's Policy or the denial of Plaintiffs' claim. As the Amended Complaint makes clear, these entities were not parties to the Homeowner's Policy (Pls.' Am. Compl. ¶ 10), were not listed insurers (id. ¶ 13), and were not the parties responsible for denying Plaintiffs' claim (id. ¶ 20). Thus, neither party could have been involved in the alleged unfair claim settlement practices forming the basis of Plaintiffs' UDTP claim. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the claims asserted against Defendants The Allstate Corporation and Allstate Insurance Holdings, LLC. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to the UDTP claims against Defendants Allstate Insurance Company and Allstate Indemnity Company.

.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 20]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to all claims other than the unfair and deceptive trade practices claims asserted against Defendants Allstate Insurance Company and Allstate Indemnity Company in Count Two.

Signed: October 29, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).