IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv15

| | |
|---|---|
| NAOMI QUILLEN and PAMELA NEIGHBOR, ) ) ) **Plaintiffs,** ) ) v. ) ) ALLSTATE INSURANCE COMPANY ) and ALLSTATE INDEMNITY ) COMPANY, ) ) **Defendants.** ) _____ ) | **ORDER** |

Pending before the Court is the Motion for Sanctions [# 37]. Defendants Allstate Insurance Company and Allstate Indemnity Company (collectively "Defendants") move pursuant to Rule 16(f)(1)(C) and Rule 37(c)(1) of the Federal Rules of Civil Procedure for an order sanctioning Plaintiffs for their failure to timely provide an expert report. Specifically, Defendants request that the Court enter an order dismissing the Amended Complaint with prejudice or, in the alternative, excluding Plaintiffs' expert from testifying at trial. The Court **DENIES** the motion [# 37].

I.  Analysis

Rule 26 of the Federal Rules of Civil Procedure provides that the disclosure

of an expert witness "must be accompanied by a written report" that is prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). Pursuant to the Court's Pretrial Order and Case Management Plan, Plaintiffs were required to provide their expert's report to Defendants by June 1, 2015. (Order, Feb. 10, 2015.) The expert report "must contain" a variety of information, including "the facts or date considered by the witness in forming [his or her opinions]." Fed. R. Civ. P. 26(a)(2)(B); see also SSS Enters, Inc. v. Nova Petroleum Realty, LLC, 533 Fed. App'x 321, 323 (4th Cir. 2013) (unpublished). Moreover, the disclosure requirements of Rule 26 are self-executing; the rule mandates what the expert report must contain. Fed. R. Civ. P. 26(a)(2)(B); see also JJI Intern., Inc. v. Bazar Grp., Inc., C.A. No. 11-206ML, 2013 WL 3071299, at *4 (D.R.I. Apr. 8, 2013) ("The requirement is self-executing and does not countenance selective disclosure.").

     Rule 16 of the Federal Rules of Civil Procedure provides that the Court may issue "any just order" where a party fails to comply with the Pretrial Order. Fed. R. Civ. P. 16(f)(1)(C). In addition, the Court must award reasonable expenses, including attorney fees, incurred as a result of the party's noncompliance with Rule 16, provided the noncompliance was not "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Similarly, Rule 37 provides for the imposition of appropriate sanctions where "a party fails to provide information or identify a witness as required by Rule 26(a) or

(e) . . . ."  Fed. R. Civ. P. 37(c)(1).

It is undisputed that Plaintiffs failed to comply with the requirements of the Pretrial Order.  Although Plaintiffs produced the name of their expert, as well as the expert's curriculum vitae, Plaintiffs did not provide Defendants with an expert report.  As a result, Defendants now move the Court to sanction Plaintiffs by dismissing this case with prejudice.  In the alternative, Defendants ask the Court to enter an order excluding Plaintiffs' expert's testimony at trial.  Upon a review of the record and the relevant legal authority, the Court finds that the requested sanctions are not warranted in this case at this time.

Rather than seek dismissal of the Amended Complaint for failure to comply with the Pretrial Order, Defendants should have first filed a motion to compel the expert report.  This Court cannot dismiss a case with prejudice as a sanction for failure to provide discovery where the Court has not first attempted to order the offending party to produce the documents at issue or imposed some sanction less drastic than dismissal. See Mut. Fed. Sav. & Loan Ass'n v. Richards and Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).  In fact, prior to dismissing a case with prejudice the Court must first provide Plaintiffs with an explicit and clear warning that the failure to comply with the Court's Pretrial Order could result in dismissal with prejudice.  Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993); Zornes v. Specialty Indus., Inc., 166 F.3d 1212, 1998 WL 886997,

at *5 (4th Cir. 1998) (unpublished). As the Fourth Circuit has explained, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.

Here, the Court has provided no warning to Plaintiffs that the failure to timely produce an expert report could result in the dismissal with prejudice of this case. Even if the Court had provided Plaintiffs with such notice, the situation in this case is a far cry from the type of case where the Court may utilize the extreme sanction of dismissal with prejudice. See e.g. Young Again Prods., Inc. v. Acord, 459 F. App'x 294 (4th Cir. 2011) (holding that district court did not abuse its discretion in entering default judgment as a sanction). The Court also finds that the lesser sanction of excluding the Plaintiff's expert's testimony is not warranted in this case prior to the Court first entering an Order directing Plaintiffs to produce the expert report and warning them of the consequences of failing to do so.[1]

The Court **DENIES** the Motion for Sanctions [# 37]. The Court, however, **DIRECTS** Plaintiffs to produce an expert report that complies with the requirements of the Federal Rules of Civil Procedure by September 30, 2015. No extension of this deadline shall be granted by the Court. The failure of Plaintiffs to

---

[1] The Court notes, however, that had Defendants moved to compel the expert report rather than immediately proceed to a request for sanctions, the Court would have likely awarded Defendants their reasonable expenses in bringing the motion to compel.

comply with this Order will result in the Court entering an order excluding the testimony of Plaintiffs' expert at trial. If Plaintiffs fail to comply with this Order and produce an expert report by September 30, 2015, Defendants may then file a motion for sanctions and seek the imposition of sanctions based on Plaintiffs' failure to comply with a lawful discovery Order of this Court.[2]

## II.    Conclusion

The Court **DENIES** the Motion for Sanctions [# 37]. The Court **DIRECTS** Plaintiffs to provide Defendants with an expert report that complies with the requirements of the Federal Rules of Civil Procedure by September 30, 2015. The failure of Plaintiffs to comply with this Order will result in the Court entering an Order excluding the testimony of Plaintiffs' expert at trial.

*signature*

Dennis L. Howell
United States Magistrate Judge

---

[2] Even if Plaintiffs fail to comply with this Order, the Court would not dismiss this case with prejudice; the lesser sanction of excluding the expert testimony is a far more appropriate sanction based on the facts before the Court.