FILED
ASHEVILLE, N.C.
APR 2 2 2016
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:14-cv-00015

| | |
|---|---|
| NAOMI QUILLEN AND PAMELA NEIGHBOR,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY,<br><br>Defendants. | **CONSENT MOTION AND PROTECTIVE ORDER** |

NOW COME, Naomi Quillen and Pamela Neighbor, Plaintiffs, by and through their undersigned counsel, the Allstate Corp. d/b/a Allstate Insurance Company, Defendant, by and through its undersigned counsel, and the Sheriff of Henderson County (hereinafter referred to as the "Sheriff"), by and through his undersigned counsel, and jointly move this Court for entry of this consensual protective order authorizing the release of the Henderson County Sheriff's Office investigative file, OCA Number 2010-021334, to the Plaintiffs and Defendant pursuant to N.C.G.S. §132-1.4.

Counsel for the Sheriff and the Plaintiffs and Defendant further stipulate,

consent and agree to the following statements of fact which authorize this Court's entry of the protective order:

1. The Plaintiffs and Defendant request the Henderson County Sheriff's Office investigative file to assist in the investigation, prosecution and defense of the current litigation involving the Plaintiffs and Defendant as identified in the attached subpoena which is identified as Exhibit 1 and incorporated herein by reference.

2. The Sheriff's investigative file is relevant to the Plaintiffs' and Defendant's prosecution and litigation of the above styled case.

3. This investigative file shall include all documents in the possession of the Henderson County Sheriff related to the above-referenced criminal investigation.

4. The Sheriff's investigative file is considered a "criminal investigation record" pursuant to N.C.G.S. §132-1.4, subject to release "by order of a court of competent jurisdiction", pursuant to N.C.G.S. §132-1.4(a). As such, this investigative file contains confidential and privileged information such that it is necessary to limit such disclosure so that the confidential and privileged information will not be used for any purpose other than this action, and will not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for the purposes of this action and as outlined

hereinbelow.

5. Counsel for the Sheriff has discussed release of the investigative file with the Sheriff, and he has no objection to its release.

6. Counsel for the Sheriff, after reviewing the investigative file, does not object to the release of the investigative file to the Plaintiffs and Defendant in response to their request for the following reasons:

    a. No policy reason exists to deny the Plaintiffs' and Defendant's request;

    b. There is no prejudice to the Sheriff by releasing the investigative file to the Plaintiffs and Defendant;

    c. The identities of persons contained in the materials do not need to be protected or otherwise can be adequately protected through the provisions of this order;

    d. Any criminal investigation that might have been the subject of this investigative file has been concluded with no criminal charges presently pending; and

    e. The interests of the Sheriff of Henderson County are not prejudiced by the release of the investigative file to the Plaintiffs and Defendant.

7. Except as may be otherwise provided by further Order of the Court,

documents contained in the Henderson County Sheriff's Office investigative file shall be used for no purpose other than the litigation involving the subject matter of the investigation and shall be disclosed only to the persons identified in Paragraph 8 below.

8. Access to and the use of any documents, or any part thereof, designated as part of the investigative file shall be limited to:

    a. The Court;

    b. The Plaintiffs and Defendant, their attorneys, and their officers or employees who are consulted to work on this case;

    c. Consultants or experts retained by the Plaintiffs and Defendant concerning the subject litigation;

    d. Officers, employees and agents of the Plaintiffs and Defendant to the extent duties require;

    e. Court reporters taking testimony involving this litigation and necessary stenographic and clerical personnel thereof;

    f. Witnesses who are asked by the attorneys to review this confidential information during the course of this litigation;

    g. Jurors (upon being sworn in) during any motions or upon the trial of this matter; and

    h. Any other person who is designated as a Qualified Person by

Order of the Court after notice to all parties.

9. Counsel for the Plaintiffs and Defendant may make copies of materials from the Henderson County Sheriff's Office investigative file to provide to its retained experts and consultants upon receipt of written declaration from such persons that they will be bound by the terms of this Protective Order, that they will not disclose, release or copy any portion of the Henderson County Sheriff's Office investigative file to any person or agency without the express written consent of the Sheriff of Henderson County and order of this Court.

10. Individuals permitted access to the Henderson County Sheriff's Office investigative file will not reproduce any portion of the file except in the scope and course of their duties, will not disclose the contents whether orally or in writing to any person not listed in Paragraph 8 above, and upon completion of their involvement in the matter or the case will destroy any copies, notes, reports or comments concerning the Henderson County Sheriff's Office Investigative file and send notice of destruction to the attorney for the Sheriff.

11. Any document, brief or portion of the Henderson County Sheriff's Office investigative file filed in the subject litigation shall be maintained under Seal and kept by the Clerk separate from the remainder of the proceedings' files and shall be available only to those listed in this Order unless such Order is modified by the Court. The party filing any portion of the Henderson County

Sheriff's Office investigative file has the responsibility to designate the protective materials.

Jointly filed and submitted this the 22nd day of April, 2016.

_____
Walter E. Daniels
Attorney for Plaintiffs
14 South Pack Square, Suite 502
Asheville, North Carolina 28801
Phone: (828) 258-7022
Fax: (828) 277-2412
Email: walter@danielslawfirm.net

_____
John T. Jeffries
Attorney for Defendant
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4571
Fax: (704) 643-2376
Email: jjeffries@mgclaw.com

_____
Jason E. B. Smith
Staff Attorney
Henderson County Sheriff's Office
N.C. Bar Number: 28079
100 North Grove Street
Hendersonville, N.C. 28792
(828) 694-2745 (Office)
(828) 508-8301 (Cell)
(828) 698-4499 (Fax)
jsmith@handersoncountync.org

## CERTIFICATE OF SERVICE

I hereby certify that on 4/21/2016 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Walter E. Daniels, III
>Daniels Law Firm
>14 South Pack Square, Suite 502
>Asheville, North Carolina 28801
>Attorney for Naomi Quillen
>Email: walter@danielslawfirm.net

>s/ JOHN T. JEFFRIES
>Bar No: 22134
>Attorney for
>McAngus Goudelock & Courie
>Post Office Box 30307
>Charlotte, North Carolina 28230
>Phone: (704) 643-6303
>Fax: (704) 643-2376
>Email: jjeffries@mgclaw.com

## ORDER OF THE COURT

This matter coming on before the undersigned by joint motion of the parties and based on the presentations of the parties; IT IS HEREBY ORDERED AND ADJUDGED the Protective Order is granted according to the terms and conditions set forth in the joint motion.

This the 22 day of April, 2016.

_____
U.S. District. Court Judge (Presiding)

7

· EXHIBIT 1

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| Naomi Quillen and Pamela Neighbor <br> *Plaintiff* <br> v. <br> The Allstate Corp. d/b/a Allstate Insurance Company <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 1:14-CV-00015 |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Wanda Ponder, Henderson County Sheriff's Office
100 North Grove Street, Hendersonville, NC 28792

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. Courthouse <br> 100 Otis Street <br> Asheville, North Carolina 28801 | Courtroom No.: 1 <br> Date and Time: 05/02/2016 10:00 am |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

A complete copy of the Henderson County Sheriff's office investigative file pertaining to the March 20, 2010 fire/explosion incident which occurred at 15 Country Road in Hendersonville, North Carolina 28791 including, but not limited to, any and all photographs, witness statements, notes, correspondence, reports, diagrams, tests, memorandum, supplemental reports, and the like.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4-15-16

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
The Allstate Corp. d/b/a Allstate Insurance Comp , who issues or requests this subpoena, are:
John T. Jeffries, McAngus, Goudelock & Courie, Post Office Box 30307, Charlotte, NC 28230
jjeffries@mgclaw.com; (704) 405-4571

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).